**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-03000

LAURITZEN BULKERS A/S,

     Plaintiff,

v.

TWIN PINES MINERALS, LLC, a Colorado limited liability company,

     Defendant(s).

---

## COMPLAINT

---

PLEASE TAKE NOTICE, that Plaintiff, LAURITZEN BULKERS A/S ("LAURITZEN"), by its attorneys, Nelson Law Firm, as and for a Complaint against Defendant, TWIN PINES MINERALS, LLC ("TPM"), alleges, upon information and belief, as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

2. Plaintiff, LAURITZEN, is a corporation duly organized and existing pursuant to the laws of Denmark with offices and a place of business located at Tuborg Havnevej 15, 2900 Hellerup, Copenhagen, Denmark.

3.     Defendant, TPM, is a foreign business entity organized and existing pursuant to the laws of Delaware with principal offices and a place of business located at 2100B Southbridge Parkway, Suite 540, Birmingham, Alabama 35209 and/or 4599 East Lake Boulevard, Birmingham, Alabama 35217.

4.     On or about July 11, 2022, Plaintiff, LAURITZEN, as Owners, and Defendant, TPM, as Charterers, entered into a 14-month contract of affreightment ("Charter Party" or "COA") for the ocean transportation of 12 cargoes of ilmenite sand from Stockton, California to Malaysian and Chinese ports, and, on or about December 27, 2022, the COA was then extended for an additional 13 cargoes over 15 months.

5.     Defendant breached the Charter Party by unlawfully and in contravention of the agreed-upon terms failing to nominate and load three cargoes under the original term of the COA and then all fifteen cargoes under the extension, resulting in damages as called for under the COA in the amount of $6,361,261.00.

6.     As a result of the foregoing, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendant is liable under the terms of the charter party agreement and at law.

7.     Plaintiff has placed Defendant on notice of its claim that Defendant has breached the referenced agreement.

8.     Despite Plaintiff's demands, Defendant has failed to pay the amounts due and owing to Plaintiff under the agreement and at law.

9.     Pursuant to the Charter Party, disputes are to be settled by arbitration in London, and Plaintiff has commenced arbitration against Defendant, accordingly.

10.     This action is brought to obtain security in favor of Plaintiff with respect to Plaintiff's claims against Defendant, and in aid of the London Arbitration proceedings.

11.     This action is further brought to obtain security for the additional sums which are recoverable, including Plaintiff's anticipated attorney and arbitrators' fees and costs in the London Arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

12.     As a result of Defendant's breach of the agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts:

| | |
|---|---|
| Principal Claim | $6,361,261.00 |
| Compounded Interest (for a period of five years at 7.5%) | $2,771,151.84 |
| Attorneys' and Expert's Fees, Court Expenses | $250,000.00 |
| **Total** | **$9,382,412.84** |

13.     Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

14.     All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

15.     Defendant cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court including, but not limited to, a warehouse located at

3030 South Vallejo Street, Englewood, Colorado 80110, which are believed to be due and owing to Plaintiff.

16.     For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, restraining and attaching any assets, cash, funds, credits, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, real estate, real property, warehouses and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.     That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$9,382,412.84** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C.     That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.     That Plaintiff have such other and further relief as this Honorable Court may deem just and proper.

Dated: October 25, 2024

Respectfully submitted,

By:     s/ Mark W. Nelson_____
        *Mark W. Nelson*
        Nelson Law Firm
        1740 North High Street
        Denver Colorado 80218
        (303) 861-0750
        mark@nelsonlawfirm.net