# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03000-SBP

LAURITZEN BULKERS A/S,

    Plaintiff,

v.

TWIN PINES MINERALS, LLC, a Colorado limited liability company,

    Defendant(s).

---

## AFFIDAVIT IN SUPPORT OF PLAINITFF'S PRAYER FOR AN ORDER OF ATTACHMENT AND GARNISHMENT

---

STATE OF COLORADO   )
                              ) SS.
COUNTY OF DENVER    )
A

    Mark W. Nelson, being duly sworn, deposes and says:

    1.    I am a member of the bar of this Court and am the Managing Member of the Nelson Law Firm, attorneys for the Plaintiff. I am familiar with the circumstances of the Complaint filed in this action and the underlying cause of action.

    2.    I make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure [hereinafter "Rule B"].

3. I have made an investigation and am informed and believe, based upon the results of this investigation, that Defendant, TWIN PINES MINERALS, LLC, is a foreign corporation or other foreign business entity which cannot be "found" within the district for the purposes of an attachment under Rule B.

4. Deponent has conducted the following investigation:

(a) I have investigated on the Colorado Secretary of State's Business Data Base Search on multiple occasions, including today, and there is no filing for Defendant.

(b) I have reviewed the current telephone directories for the areas over which this District, the United States District Court for the District of Colorado, has jurisdiction, and no listings for Defendant were found;

(c) I am unaware of any general or managing agent within the District of Colorado for Defendant, and I am unaware of any evidence that Defendant resides here.

(d) A Google internet search also has failed to demonstrate any presence of Defendant in or about the District; and

(e) Plaintiff also retained the services of a private investigator, who uncovered only property belonging to Defendant and no presence of Defendant in this District.

5. Based upon the foregoing, I submits that Defendant cannot be "found" within this district for the purpose of an attachment or garnishment under Rule B.

6. Upon information and belief, Defendant has or will have during the pendency of this action, tangible and intangible property within the District, including, inter alia, a warehouse located at 3030 South Vallejo Street, Englewood, Colorado 80110, Lot Number: 3, Range: 68W, Township: 04S, Section: 33, Quarter Section: NW. The Tax Roll Detail identifies Defendant as the "Absentee Owner" with a mailing address consistent with that belonging to Defendant in Birmingham, Alabama.

7. Plaintiff is moving for an ex parte order of attachment rather than regular motion due to the urgency of this matter and in accordance with the procedure set forth in Rule B.

8. Upon information and belief, daily service of Rule B orders would impose upon the United States Marshal an overwhelming burden and would cause to be visited on litigants the disproportionate costs and inefficiency Rule 4 of the Federal Rules of Civil Procedure was designed to prevent. Rule B (1)(d)(ii) specifically authorizes the Court to appoint such process servers, in addition to the Marshal, accordingly.

9. In order to avoid the necessity of physically serving the garnishees daily and repetitively, Plaintiff respectfully seeks leave of the Court for any process that is served on a garnishee to be deemed effective and continuous service throughout the remainder of the day upon which service is made, commencing from the time of such service and such service to be further deemed effective and continuous through the end of the next business day, provided that another service is made that day, and to authorize service of process via facsimile or e-mail following initial in personam service, if such service via facsimile or e-mail is permitted by the garnishees.

10. To that end, Plaintiff respectfully requests that the Court appoint Mark W. Nelson or any other partner, associate, paralegal or other agent of the Nelson Law Firm, in addition to the United States Marshal, to serve any subsequent Process of Attachment and Garnishment and the Complaint, together with any interrogatories, upon garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by Plaintiff may hold assets of, for, or on behalf of Defendant.

WHEREFORE, Plaintiff respectfully requests

A. that the Court authorize the issuance of process in the form of a Writ of Maritime Attachment and Garnishment seeking attachment and garnishment of Defendant's tangible and intangible property within this district, including, <u>inter alia</u>, the aforesaid warehouse or other tangible or intangible property in the hands of financial institutions found within the District of Colorado; and

B. That the Court grant Plaintiff's prayer for relief to deem service continuous and for appointment of special process servers.

Respectfully submitted,

_____
Mark W. Nelson

Subscribed and sworn to before me in the City and County of Denver, State of Colorado, this 28th day of October, 2024.

My Commission expires: 03/26/2026
Witness my hand and official seal.

_____
Notary Public

MARIANA WALTERS
NOTARY PUBLIC - STATE OF COLORADO
Notary ID #20184013678
My Commission Expires 3/26/2026