# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03000-SBP

LAURITZEN BULKERS A/S,

    Plaintiff,

v.

TWIN PINES MINERALS, LLC, a Colorado limited liability company,

    Defendant(s).

---

## MOTION TO STAY PENDING COMPLETION OF ARBITRATION

---

Plaintiff, Lauritzen Bulkers A/S ("Lauritzen"), by and through its attorneys, Nelson Law Firm, LLC, hereby submits this Motion to Stay Pending Completion of Arbitration Proceedings, and in support, states as follows:

    1.    Lauritzen commenced this action by fling its Complaint on October 24, 2024.

    2.    On November 18, 2024, Lauritzen served Defendant Twin Pines Minerals, LLC ("Twin Pines") with a copy of the Summons and process of Attachment and Garnishment, Complaint, Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment and Appointing Process Server.

    3.    Lauritzen filed the Return of Service with this Court on December 12, 2024.

    4.    Twin Pines did not file an answer or responsive pleading within the applicable time permitted by Fed. R. Civ. P., Admiralty Rule B(3)(b), which prompted Lauritzen to file a Motion for Entry of Default on February 21. 2025.

The Clerk's Entry of Default against Twin Pines was then entered on March 6, 2025.

5. On March 21, 2025 this Court issued an Order Setting Deadline to file a motion for default judgment or request a status conference.

6. As discussed during the January 9 Status Conference, the underlying litigation between Lauritzen and Twin Pines is subject to English law and is being litigated in an arbitration proceeding in London pursuant to the parties' charter agreement and the rules of the London Maritime Arbitrators Association. The arbiter for Lauritzen is Sara Gillingham-Aukner, and the arbiter for Twin Pines is Angharad Parry. It is anticipated that an arbitration award will not be issued until early 2026 at the earliest.

7. Pursuant to 9 U.S.C. § 3, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the arbitration agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." *See Smith v. Spizzirri*, 601 U.S. 472, 476 (U.S. 2024). Here, Plaintiff is actively participating in the London arbitration proceeding, so this Court has no discretion but to stay this case pending completion of the arbitration. *Id.* at 477.

WHEREFORE, Lauritzen respectfully requests that this Court enter an order staying this matter, subject to Lauritzen providing this Court with periodic status updates on the London arbitration proceeding, subject (of course) to the Court's desire for such information.

Dated: April 21, 2025

Respectfully submitted,

By: s/ Mark W. Nelson
*Mark W. Nelson*
Nelson Law Firm
1740 North High Street
Denver Colorado 80218
(303) 861-0750
mark@nelsonlawfirm.net