DRAFT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03000-SBP

**LAURITZEN BULKERS A/S,**

    **Plaintiff,**

v.

**TWIN PINES MINERALS, LLC,**

       **Defendant.**

___

**MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FRCP 55(c)**

___

Defendant, Twin Pines Minerals, LLC ("Twin Pines Minerals"), moves this Court, pursuant to Fed. R. Civ. P. 55(c) to set aside the Clerk's Entry of Default (ECF No. 17) entered on March 6, 2025. Plaintiff's service of the Complaint (ECF No. 1) and Summons (ECF No. 9) on Twin Pines Minerals was deficient and ineffective.

**I.**      **CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCIVR 7.1(A)**

As required by Local Rule 7.1(a), Defendant's counsel emailed Plaintiff's counsel on April 29, 2025 and informed Plaintiff's counsel that Defendant intended to move to vacate the entry of default. Plaintiff's counsel responded, noting that the case was stayed and informing Defendant's counsel that he was in mediation and then scheduled to be out of town for several days. Plaintiff's counsel requested Defendant's counsel not take any action until the parties had an opportunity to talk.

The parties' counsel spoke by telephone on May 5, 2025. Defendant's counsel explained its position that service was ineffective and requested Plaintiff's position on whether it would

oppose this motion. Plaintiff's counsel stated that he would confer with his overseas client regarding its position and would inquire with the process server regarding service. On May 7, 2025, Plaintiff provided a copy of an affidavit asserting service was effective. Based on this communication, Defendant understands Plaintiff will oppose this motion.

## II. ARGUMENT

The Court may set aside the clerk's entry of default for "good cause" shown by the moving party. Fed. R. Civ. P 55(c). This burden is not high at the initial pleading stage, particularly in light of the Court's general disfavor of default judgments and preference for disposition on the merits. *Katzson Bros., Inc. v. United States EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

Inadequate service alone constitutes good cause to justify vacating an entry of default. *Viegas v. Toyota Fin. Servs.*, No. 24-CV-00668-PAB-STV, 2025 WL 580477, at *2 (D. Colo. Feb. 21, 2025). The Court may also consider whether the plaintiff will be prejudiced by setting aside the entry of default and whether the defendant has a meritorious defense. *Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995). The Court need not consider each factor and may consider other factors in its discretion. *Id.* Plaintiff's service on Twin Pines Minerals was inadequate, vacating the entry of default is not prejudicial to the Plaintiff, and Twin Pines has meritorious defenses to Plaintiff's claims.

### A. Plaintiff's Service Was Inadequate

Plaintiff left the summons and complaint with Ms. Annette Arterberry, who is employed by another company that occupies shared office space. This is inadequate service.

Under Fed. R. Civ. P. 4(h), service on a limited liability company must be completed by either delivering the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by complying

with Fed. R. Civ. P. 4(e)(1) for service on an individual. Fed. R. Civ. P. 4(e)(1), in turn, provides for service in accordance with state law for bringing an action in the courts of general jurisdiction in the state where the district court is located or where service is made. This Court is located in Colorado and service was made in Alabama. *See* ECF No. 11. Colorado law requires service on a limited liability company to be made on either the registered agent or member / manager or the member / manager's secretary or assistant. C.R.C.P. 4(e)(4). Alabama law requires service on the registered agent or "an officer, a partner (other than a limited partner), a managing or general agent." Ala.R.Civ.P. 4(c)(6). Plaintiff did not comply with any of these requirements.

Plaintiff's return of service confirms service was made on Ms. Arterberry and characterizes Ms. Arterberry as a "custodian of records / admin." ECF No. 11. She is not. Ms. Arterberry is not employed by Twin Pines Minerals at all. Ex. 1, Decl. of Annette Arterberry, ¶ 3. Ms. Arterberry is employed by another company that happens to share adjacent office space. *Id.*, ¶¶ 3-6. Moreover, Ms. Arterberry informed Plaintiff's process server that she was not employed by Twin Pines Minerals, that no one employed by Twin Pines Minerals was in the office that day, and that Twin Pines Minerals' personnel were rarely in that office. *Id.*, ¶ 4.

Plaintiff failed to properly serve the complaint or summons. This alone justifies vacating the clerk's entry of default.

### B. There Is No Prejudice to Plaintiff

There is no prejudice to plaintiff. The clerk's entry of default was made on February 21, 2025 and Plaintiff requested the Colorado litigation be stayed pending the conclusion of a related arbitration proceeding. Mot. to Stay, (ECF No. 19). Plaintiff further asserts that the arbitration is not likely to be completed until early 2026. *Id.* There is no prejudice to plaintiff due to the early nature of the case and the requested stay. *Viegas v. Toyota Fin. Servs.*, No. 24-CV-00668-

PAB-STV, 2025 WL 580477, at *3 (D. Colo. Feb. 21, 2025) (there is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)).

### C. Twin Pines Has Meritorious Defenses

This action arises from Plaintiff's efforts to secure pre-judgment attachment in connection with an ongoing arbitration in England, United Kingdom. Complaint, ¶¶ 10-11. Plaintiff acknowledges this is a disputed matter in an arbitration proceeding that is expected to continue for nearly a year. Mot. to Stay, ¶ 6.

Twin Pines Minerals will have several defenses in the London arbitration, including: (1) *force majeure*; (2) impossibility of performance; and (3) Plaintiff's failure to mitigate damages by rescheduling voyages. Twin Pines Minerals' success in this arbitration proceeding will moot Plaintiff's case before this Court.

### III. CONCLUSION

The Court should vacate the clerk's entry of judgment pursuant to Fed. R. Civ. P. 55 for the good cause set forth above.

| | |
|---|---|
| Dated: May 22, 2025 | Respectfully submitted,<br><br>**DENTONS US LLP**<br><br>*s/Joseph Martinez*<br>Joseph Martinez<br>Meagan Fackler<br>Dentons US LLP<br>1400 Wewatta Street, Suite 700<br>Denver, CO 80202<br>Telephone: (303) 634-4000<br>Fax: (303) 634-4400<br>joe.martinez@dentons.com<br>meagan.fackler@dentons.com<br><br>ATTORNEYS FOR DEFENDANT<br>TWIN PINES MINERALS, LLC |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically this 22nd day of May, 2025 with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

*s/Joseph Martinez*